J. W. MADDEN, Jr., Appellant,

v.

INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellee.

No. 17414.

Court of Civil Appeals of Texas, Dallas.

Feb. 27, 1970.

Rehearing Denied March 27, 1970.

Ely Straus, Dallas, for appellant.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

J. W. Madden, Jr. appeals from a summary judgment that he take nothing by his suit against the appellant Indiana Lumbermen's Mutual Insurance Company for damages on account of (1) appellee's arbitrary refusal to renew appellant's automobile insurance, and (2) publishing and circulating certain alleged libelous and slanderous statements concerning appellant.

■ Appellant presents ten points of error on appeal. The sixth is the only point of error relating to the first alleged cause of action, and it says the court erred in sustaining the motion for summary judgment because the court could have reasonably drawn inferences from appellant's pleadings, deposition and answer to the motion, together with exhibits attached thereto, that appellee refused to reinsure appellant "due to his alleged excessive drinking." According to appellant's deposition, the appellee had written the insurance on appellant's automobile and that of his wife, but

in 1965 refused to renew his policy. This point is overruled for the simple reason that under the law the appellee had the right to decline to renew appellant's automobile insurance for any reason whatever, or for no reason at all.

■ The other nine points of error assert in varying phraseology that the trial court erred in rendering the summary judgment because appellee failed to carry its "negative burden" of establishing the absence of any genuine issue of material fact. That appellee was under such burden cannot be disputed.* Moreover, in examining the record we must resolve all doubts as to the existence of a genuine issue as to a material fact against appellee, viewing the evidence in the light most favorable to appellant, and disregarding all conflicts in the evidence and all evidence favoring appellee's position unless it is uncontradicted, and accepting as true the evidence which tends to support the position of appellant. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.1965).

Viewed in this light and in obedience to these guidelines, we find that appellee has affirmatively demonstrated the inability of appellant to produce any evidence of probative value to make even a prima facie case against appellee. The evidence comes wholly from appellant's own mouth and pen; i. e., his oral deposition and his sworn 21-page answer to the motion for summary judgment. A careful examination of all of this summary judgment evidence discloses only that appellee, which had written the insurance on the automobiles of appellant and his wife, refused to renew appellant's policy when it expired and agreed to renew his wife's policy but excluded her coverage when her automobile was operated by appellant; that appellee refused to tell appellant why it did so; that appellant was told by a Mrs. Virginia Flanery, an employee of White Insurance Agency, through which appellant had pur-

---

* Neigut v. McFadden, 257 S.W.2d 864, 868 (Tex.Civ.App., El Paso 1953, writ ref'd n. r. e.).

**766**

chased the insurance, that she had been told by Bob Wallace, an agent of appellee, that he had been sent by appellee to investigate appellant and had reported to appellee that appellant was a drunkard and drank liquor all day every day; that appellant "assumes" that this was the reason appellee declined to renew his policy and restricted the renewal of his wife's policy, and "assumes" further, since he was unable to purchase automobile insurance from other companies, that appellee had published or circulated the report concerning his excessive drinking; that he has never been guilty of excessive drinking and that the alleged report on him to that effect was false; but that he has no direct admissible evidence as to the investigation, the report or the publication or circulation of the report, all of his information on these subjects being hearsay, conjecture and assumptions, and both Wallace and White having died.

 Recognizing that if the alleged libelous or slanderous statements were qualifiedly privileged he would have the burden in a trial on the merits of proving that they were actuated by malice, appellant argues that appellee's summary judgment evidence fails to show affirmatively the absence of such malice on its part, citing Jackson v. Cheatwood, 445 S.W.2d 513 (Tex.1969). However, appellee did not plead the defense of qualified privilege, but only the general denial. Therefore, in passing on the summary judgment we do not think the question of malice is involved in the case. Rule 94, Vernon's Texas Rules of Civil Procedure.

By its motion for summary judgment appellee meets the allegations of the petition head-on, asserting that the wrongful statements attributed to it were not made and that there is no admissible evidence of probative force available to appellant to show that they were made by it. Appellant's own sworn statements in his deposition and affidavit make it quite clear that this is true.

In our opinion the summary judgment was correct. Accordingly, we overrule all of appellant's points of error on appeal and affirm the judgment.